IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 02-cv-01841-MSK-MJW

**UNITED STATES OF AMERICA,**

    Plaintiff,

v

**117.24 ACRES OF LAND, MORE OR LESS, SITUATED IN LA PLATA, COLORADO; and STATE OF COLORADO; ATMOS ENERGY CORP., a Texas Corporation; LA PLATA COUNTY TREASURER, LA PLATA, COLORADO; and UNKNOWN OWNERS,**

    Defendants.

---

**STIPULATED PROTECTIVE ORDER**

---

This matter having been brought before the Court on Plaintiff United States' Unopposed Motion for a Protective Order for the entry of a protective order to protect the discovery and the dissemination of confidential and sensitive information relating to the location, placement, and operation of certain gas pipelines and other pipelines, and good cause having been shown;

IT IS ORDERED that the following Protective Order is hereby granted.

1   This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. In addition, this Protective Order shall apply to all documents, materials, and information voluntarily produced by any third-party

3. This Protective Order shall apply to all information relating to or involving the gas pipelines and other pipelines relocated and/or constructed in connection with or related to the Animas-La Plata Project located in La Plata County, Colorado, which pipelines are owned, operated or associated by or with:

> A. The Williams Companies, Inc., its divisions, subsidiaries, and/or partners;
>
> B. Northwest Pipeline Corporations, its divisions, subsidiaries, and/or partners;
>
> C. Enterprise Products Partners, L.P its divisions, subsidiaries, and/or partners; and/or
>
> D. Mid-America Pipeline Co, its divisions, subsidiaries, and/or partners

4 This Protective Order shall apply to all information relating to or involving the Inlet Conduit for the Ridges Basin Dam and Reservoir and above ground powerlines, appurtanent structures associated with the Animas-La Plata Project

5. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term

2

6. Information designated "CONFIDENTIAL" shall be all information relating to the location and placement of pipelines and inlet conduit referred to in paragraphs 3 and 4 herein.

7. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case and management of Defendant State of Colorado's surface estate.

8. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the written consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to

> A. Attorneys actively working on this case
>
> B. Persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case
>
> C. Expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;
>
> D. The Court and its employees ("Court Personnel");
>
> E. Stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

      F. Deponents, witnesses, or potential witnesses

      G. Persons employed by Defendant State of Colorado who have the need to know the CONFIDENTIAL information in order to perform their authorized duties; and

      H. Other persons by written agreement of the parties

9. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions  All such acknowledgments shall be retained by counsel and shall be subject to *In camera* review by the Court if good cause for review is demonstrated by opposing counsel.

10. Documents shall be designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice:  "CONFIDENTIAL

11 Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL

4

after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

12. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion, consistent with D.C. Colo. LCiv. R. 7.2 and 7.3 requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL

13. Except as set forth in paragraph 14 herein, at the conclusion of this case and, unless other arrangements are agreed upon, each document and all

copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction

14   The parties agree that at the conclusion of this case, Defendant State of Colorado will retain certain 'as built' drawings and designs related to and involving the pipelines and inlet conduit referred to in paragraphs 3 and 4 herein ("As Built Drawing") and certain information concerning designated crossing points ("Crossing Point Information") necessary for management of Defendant State of Colorado's surface estate

15   The parties agree that as to the As Built Drawings and the Crossing Point Information this Protective Order shall continue in full force and effect and, Defendant State of Colorado agrees to contest any attempt at disclosure of the As Built Drawings and the Crossing Point Information in its possession including, but not limited to, requests for disclosure pursuant to the Colorado State Open Records Act.

16   Defendant State of Colorado further agrees that, if Defendant State of Colorado receives a request for disclosure of the As Built Drawings and/or the Crossing Point Information, Defendant State of Colorado will notify Plaintiff United States in a timely manner of such request.

17   This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED: February 2nd, 2006.

BY THE COURT:

_____
MICHAEL J. WATANABE
Magistrate Judge

THE WITHIN ORDER IS STIPULATED TO
AND APPROVED BY

| | |
|---|---|
| WILLIAM J. LEONE<br>United States Attorney | JOHN W. SUTHERS<br>Attorney General |
| s/ Stephen D. Taylor<br>STEPHEN D. TAYLOR<br>Assistant U.S. Attorney<br>1225 Seventeenth Street<br>Suite 700<br>Denver, CO 80202 | s/ Timothy J. Monahan<br>TIMOTHY J. MONAHAN<br>Assistant Attorney General<br>1525 Sherman Street<br>5th Floor<br>Denver, CO 80203 |
| Telephone: (303) 454-0100<br>Fax:          (303) 454-0408<br>E-mail: stephen.taylor@usdoj.gov | Telephone: (303) 866-5861<br>Fax:          (303) 866-3558<br>E-mail: tim.monahan@state.co.us |
| ATTORNEY FOR PLAINTIFF<br>UNITED STATES OF AMERICA | ATTORNEY FOR DEFENDANT<br>STATE OF COLORADO |

GOLDMAN, ROBBINS & ROGERS, LLP

s/ Michael A. Goldman
MICHAEL A. GOLDMAN, ESQ.
679 E. 2nd Avenue
Suite C
P.O. Box 2270
Durango, CO 81302

Telephone: (970) 259-8747
Fax:          (970) 259-8790
E-mail: goldman@grrdurango.com

ATTORNEY FOR DEFENDANT
LA PLATA COUNTY TREASURER
LA PLATA COUNTY, COLORADO