IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 02-cv-01841-MSK-MJW

UNITED STATES OF AMERICA,

   Plaintiff,

v.

117.54 ACRES OF LAND, More or Less, Situated in La Plata County, Colorado,
STATE OF COLORADO,
LA PLATA COUNTY TREASURER, LA PLATA, COLORADO,
COLORADO TELEPHONE COMPANY,
MESA GRANDE GAS COMPANY,
COLORADO-UTE ELECTRIC ASSOCIATION, INC.,
BOARD OF COUNTY COMMISSIONERS, LA PLATA COUNTY, COLORADO,
PEOPLES NATURAL GAS COMPANY,
NORTHWEST PIPELINE CORPORATION,
ENTERPRISE PRODUCTS PARTNERS L.P.,
ATMOS ENERGY CORPORATION,
LA PLATA ELECTRIC ASSOCIATION, INC., and
UNKNOWN OWNERS,

   Defendants.

---

## FINAL ORDER

---

   This matter comes before the Court on the Plaintiff's Motion for Entry of Default

Judgment Against Defendant Mesa Grande Gas Company, Defendant Peoples Natural Gas

Company, and all Unknown Owners **(#132)**.  Also before the Court is the Plaintiff's Motion for

Final Order and Judgment **(#134)**.  Having considered the same, the Court

   **FINDS** and **CONCLUDES** that:

   This is a condemnation action.  The Plaintiff moves for the entry of default judgment

against Defendant Mesa Grande Gas Company, Defendant Peoples Natural Gas Company, and all

Unknown Owners who might possess an interest in the subject land.  Such Defendants were served with the Third Amended Declaration of Taking by publication in the Durango Herald Newspaper in Durango, Colorado **(#121)**.  None of these Defendants have appeared or otherwise claimed an interest in the condemned property.  The two named Defendants are corporations and thus neither infants, incompetent persons, in the military service, nor officers or agencies of the United States or Colorado governments.  The status of the unknown owners cannot be determined.

The claims against all other Defendants have been resolved, either by settlement agreement, stipulation, or disclaimer of interest.  The Plaintiff and Defendant State of Colorado entered into a settlement agreement **(#129)** which by its terms became effective when filed with the Court.  Defendants La Plata County Treasurer, Colorado-Ute Electric Association, Board of County Commissioners, Northwest Pipeline Corporation, Enterprise Products Partners, Atmos Energy Corporation, and La Plata Electric Association filed disclaimers of interest in the subject property **(#102, #108, #117, #123, #124, #128, #130)**.  The Colorado Telephone Company (Qwest) and the United States entered into a stipulation **(#112)** that Qwest's interests in the property are not impacted by the United States' construction project on the subject property.

**IT IS THEREFORE ORDERED** that:[1]

(1)     The Plaintiff's Motion for Entry of Default Judgment Against Defendant Mesa Grande Gas Company, Defendant Peoples Natural Gas Company, and all Unknown Owners

---

[1] The Plaintiff asks the Court to extend a Protective Order **(#72)** issued in February 2006. The Court declines to extend the Protective Order beyond the life of this lawsuit because the Protective Order's terms specifically address the manner in which confidential information is to be treated at the conclusion of the case.

(#132) is **GRANTED**.  Defendant Mesa Grande Gas Company, Defendant Peoples Natural Gas

Company, and all Unknown Owners are deemed to have disclaimed any interest in the condemned

property which is the subject of this lawsuit.

(2)      The Plaintiff's Motion for Final Order and Judgment **(#134)** is **GRANTED**.

(3)      Based upon the Plaintiff's representation, the perpetual easements condemned in

this civil action are those described on Attachment 1 to this Order (Third Amended Schedule B,

Ridges Basin Dam and Reservoir Animas-La Plata Project), but exclude the four perpetual

easements which were revested to the State of Colorado by the Order issued February 12, 2007

**(#131)**.

(4)      The title to the perpetual easements condemned in this civil action are vested in the

United States of America free and clear of all claims and liens of any kind, except existing

rights-of-way for roads and existing rights-of-way for public telephone lines, transmission lines,

and other public utilities over, under, on and/or across the Third Amended Easement Property and

the easements, rights, and interests identified in the motion.

(5)      The Clerk of the Court shall pay Defendant State of Colorado, Department of

Natural Resources, Division of Wildlife, the Two Hundred Thirty-Four Thousand Dollars plus

accrued interest less registry fees, if any, deposited in reference to this civil action on October 4,

2002, into the Registry of the Court by Plaintiff United States.

(6)      All Defendants and Unknown Owners, except Defendant State of Colorado,

Department of Natural Resources, Division of Wildlife, shall take nothing by reason of this civil

condemnation action.

(7)      Each party shall bear its own attorney fees, costs and expenses.

(8)     The Clerk of Court is directed to close this case.

Dated this 1st day of March, 2007

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge